**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SURINDER BAINS,

     Applicant,

v.

ERIC ARNOLD, Warden,

     Respondent.

No. 17-72069

ORDER[*]

Application for Permission to File a Second or Successive Habeas Corpus Petition

Argued and Submitted December 4, 2019
San Francisco, California

Before: CALLAHAN and BADE, Circuit Judges, and BOUGH,[*] [*] District Judge.

Surinder Bains seeks leave to file a second or successive habeas petition

challenging his 1994 state murder conviction based on *Brady* materials and other

evidence undermining the credibility of an inmate informant who testified at

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

Bains's trial. We deny the application for permission to file a second or successive petition.[1]

Bains and his co-defendant, Rafael Hidalgo, were tried and found guilty of first-degree murder in 1994. Their convictions were affirmed on direct appeal by the California Court of Appeal, Sixth Appellate District, in 1996, and the California Supreme Court denied review in May 1997. Bains filed a habeas corpus petition in the United States District Court for the Northern District of California, which was denied in August 1998. We affirmed the denial of Bains's petition in March 2000, *Bains v. Cambra*, 204 F.3d 964 (9th Cir. 2000), and the Supreme Court denied certiorari. *Bains v. Cambra*, 531 U.S. 1037 (2000).

Bains filed a successive habeas petition in the state trial court in August 2010 based on a 2007 declaration by Raymond Delgado, the jailhouse informant who had testified against Bains at his trial. Bains asserted violations of his rights under *Massiah v. United States*, 377 U.S. 201 (1964), and *Brady v. Maryland*, 373 U.S. 83 (1963), alleging that the declaration showed "that Delgado was an agent of law enforcement who testified falsely based on information provided by the prosecution team -- facts which must have been known to the prosecution but were

---

[1] Because the parties are familiar with the facts of this application, we do not discuss them at length here.

2

not disclosed to the defense." In addition, Bains pointed to a May 20, 1993 note from a lead investigating detective to the prosecutor relaying that Delgado had a number of non-negotiable demands that had to be met before he would testify against Bains. Bains alleged that the note was not disclosed to defense counsel.

After briefing, discovery, and an evidentiary hearing, the superior court denied Bains's petition. The court noted that Delgado had testified "that the 2007 declaration was entirely false; that he had been paid to sign it; and that he was 'running a scam' on Petitioner's family to obtain money." The superior court also found that there was no evidence that any of Delgado's demands listed in the investigator's note were actually met, and that Delgado was offered no inducement for his testimony, but that he nonetheless testified at Bains's trial. Bains filed a habeas petition with the California Court of Appeal, Sixth Appellate District, which denied the petition in August 2016, and the California Supreme Court summarily denied his habeas petition in May 2017.

In July 2017, Bains filed his Application for Permission to File a Second or Successive Habeas Petition.[2] The Application was stayed pending our decision in

---

[2] The application is also supported by an October 18, 2013 declaration by a former employee of the Santa Clara County Sheriff's Office stating that between 1976 and 1981 it was a common practice to place informants with the general jail population.

*Brown v. Muniz*, 889 F.3d 661 (9th Cir. 2018), *cert. denied sub nom. Brown v. Hatton*, 139 S. Ct. 841 (2019). We subsequently determined that the Application raised issues that warranted a response, directed California to file a response, and calendared the Application for oral argument.

28 U.S.C. § 2244(b)(2) provides that a second or successive habeas application "shall be dismissed" unless

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Bains does not rely on any new rule of constitutional law, therefore he must satisfy the requirements of subsection (B).

Bains has not made the requisite showing to come within subsection (B)(i). In *Brown*, we held that, for the purpose of subsection (B)(i), a *Brady* "violation occurs at the time the State should have disclosed the exculpatory evidence," not when the defendant actually learns of the claim. *Brown*, 889 F.3d at 672-73.

Bains does not argue that the *Brady* material could not have been discovered earlier, but asserts that *Brown* can be distinguished on the ground that unlike in *Brown*, here the *Brady* document was material. However, in *Brown* we held that we were bound by § 2244(b), which "makes no distinction based on the materiality of predicate facts." *Id*. at 673. Accordingly, we conclude that Bains's Application does not meet the requirements of § 2244(b)(2)(B)(i).

We also conclude that Bains has not made the requisite showing of actual innocence to come within § 2244(b)(2)(B)(ii). The *Brady* material, the investigator's note, and the sheriff's office employee's declaration all concern the credibility of Delgado, the "jail house snitch," who only met Bains in jail after Bains was detained. Moreover, the state court, after an evidentiary hearing, determined that Delgado's 2007 recantation was itself a scam. Also, the sheriff's office employee's 2013 declaration appears cumulative of the information produced when Bains's *Massiah* claim was denied before trial.

Critically, none of allegations concerning Delgado undermine or compromise the other evidence of Bains's guilt. As Judge Silverman noted in his concurring opinion in *Bains*, 204 F.3d at 978, there was substantial evidence of Bains's guilt, including inferences from Bains's own statements, that Rafael Hidalgo murdered Gurmeet Shergill at Bains's behest. Accordingly, Bains has not

5

made the requisite showing to satisfy the criteria for bringing a second or successive petition under 28 U.S.C. § 2244(b)(2)(B)(ii). *See Landrigan v. Trujillo*, 623 F.3d 1253, 1257 n.6 (9th Cir. 2010) (requiring "a sufficient showing of possible merit to warrant a fuller exploration by the district court").

The Application for Permission to File a Second or Successive Habeas Corpus Petition is **DENIED**.